Harold R. GADSDEN, Plaintiff—Appellant,

v.

PORT AUTHORITY TRANS–HUDSON CORPORATION, Defendant—Third–Party–Plaintiff–Appellee,

Railroad Construction Co., Inc., Third–Party–Defendant–Counter–Claimant–Appellee.

Docket 97–7853.

United States Court of Appeals, Second Circuit.

Argued Feb. 24, 1998.

Decided March 27, 1998.

Lawrence Katz, Bala Cynwyd, PA (Joseph A. Coffey, Jr., Mitchell A. Kaye, Coffey & Kaye, Bala Cynwyd, PA, of counsel), for Plaintiff–Appellant.

Carlene V. McIntyre, New York City (Milton H. Pachter, Arthur P. Berg, Stephen E. Powell, New York City, of counsel), for Defendant–Third–Party–Plaintiff–Appellee.

Barry K. Myrvold, New York City (Philip B. Murphy, Hawkins, Feretic, Daly, Maroney & Hayes, P.C., New York City, of counsel), for Third–Party–Defendant–Counter–Claimant–Appellee.

Before: WINTER, Chief Judge,
PARKER, Circuit Judge, and
SCHWARZER, Senior District Judge *.

SCHWARZER, Senior District Judge:

Harold R. Gadsden brought this action under the Federal Employers' Liability Act, 45 U.S.C. § 51 ("FELA"), the Federal Safety Appliances Acts, 49 U.S.C. §§ 20301 et seq. ("SAA"), and the Federal Boiler Inspection Act, 45 U.S.C. § 23 ("FBIA").[1] The United States District Court for the Southern District of New York (Batts, J.) granted the motion for summary judgment by appellees Port Authority Trans–Hudson Corporation ("PATH") and Railroad Construction Co., Inc. ("Railroad") and dismissed Gadsden's action. Gadsden appeals from the judgment. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and we vacate and remand.

### Facts and Procedural History

Gadsden, a PATH employee, injured his lower back on July 8, 1990, while mounting a "high-rail vehicle" which was owned and supplied by Railroad. A "high-rail vehicle" is a road vehicle or dump truck that is modified to include railroad wheels to allow it to ride on railroad tracks. Gadsden testified in his deposition, and stated in his affidavit, that at the time of the accident he was attempting to climb up on the cab of the vehicle. To assist in this process, the vehicle has a handhold on the side of the cab behind the door. It has none in front of the door but it has a mirror brace. When the vehicle is operated on tracks, the running board and the handhold are higher off the ground than when the vehicle is operated on the road. Gadsden

---

* Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

1. Gadsden stipulated to the dismissal of his claim under the Federal Boiler Inspection Act.

explained that he was stepping on the running board, holding the handhold with his right hand and the mirror brace with his left. To do this he had to fully reach his hands above his head, stand on tiptoe, and stretch his body. As he pulled himself up, he felt a pain in his back which is the injury of which he complains.

PATH moved for summary judgment and Railroad joined in the motion. The district court granted the motion, holding that Gadsden failed to offer any evidence of negligence, and in particular, of foreseeability and notice to defendant. The court further found Gadsden's deposition testimony and affidavit insufficient to support a finding by a rational jury that the handholds or footboards were not conveniently located as required under the SAA and 49 C.F.R. § 231.25.

### Discussion

 Our review of a summary judgment is de novo and requires that we view the evidence in the light most favorable to the party opposing the motion. *See Podell v. Citicorp Diners Club, Inc.,* 112 F.3d 98, 100 (2d Cir. 1997). Under the FELA, "the case must not be dismissed at the summary judgment phase unless there is absolutely no reasonable basis for a jury to find for the plaintiff." *Syverson v. Consolidated Rail Corp.,* 19 F.3d 824, 828 (2d Cir.1994) (citing *Gallick v. Baltimore and O.R.R.,* 372 U.S. 108, 120–21, 83 S.Ct. 659, 666–67, 9 L.Ed.2d 618 (1963)).

 "A railroad may be liable under FELA for failure to provide a safe workplace 'when it knows or should know of a potential hazard in the workplace, yet fails to exercise reasonable care to inform and protect its employees.'" *Syverson,* 19 F.3d at 826 (quoting *Gallose v. Long Island R.R.,* 878 F.2d 80, 84–85 (2d Cir.1989)). "Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played *any* part, *even the slightest,* in producing the injury or death for which damages are sought." *Syverson,* 19 F.3d at 826 (quoting *Burns v. Penn Central Co.,* 519 F.2d 512, 514 (2d Cir.1975)).

 The issue is whether Gadsden's testimony and affidavit describing how he sustained the claimed injury are sufficient under the FELA to permit a reasonable jury to find that PATH had violated its duty to provide a safe workplace. The district court concluded that they were not. We disagree. The evidence was sufficient for a reasonable jury to conclude that the lack of lower or additional handholds and footboards made this an unsafe workplace. The issue is factual and "[a]s with all factual issues under the FELA, the right of the jury to pass on this issue must be liberally construed." *Gallose,* 878 F.2d at 85.

 The district court erred in finding lack of notice to the employer. PATH has a duty to inspect its workplace and a duty to provide a safe workplace. *Sinclair v. Long Island R.R.,* 985 F.2d 74, 76–77 (2d Cir.1993). This is not a case of a hidden defect; a jury could find that PATH had actual or constructive knowledge of the location of the handholds and footboards that are in plain view on the vehicles which PATH's employees were expected to pilot along PATH's tracks.

 The district court also erred in finding that the evidence was insufficient to permit the jury to find a violation of the SAA. We agree with the Third Circuit's opinion in *Beissel v. Pittsburgh and Lake Erie R.R. Co.,* 801 F.2d 143, 147 (3d Cir.1986), holding that a high-rail vehicle such as that involved in this case is subject to the regulations adopted under the SAA for "Track motorcars (self-propelled 4–wheel cars which can be removed from the rails by men)." 49 C.F.R. § 231.25 (1996). The regulations state in relevant part:

(b) Handholds. One or more safe and suitable handholds conveniently located shall be provided. Each handhold shall be securely fastened to car.

(c) Sill steps or footboards. Each track motorcar shall be equipped with safe and suitable sill steps or footboards conveniently located and securely fastened to car when bed or deck of track motorcar is more than 24 inches above top of rail.

*Id.* Gadsden contends that the lack of conveniently located handholds and footboards

constituted a violation of the SAA and therefore created an unsafe workplace under the FELA. *See Beissel,* 801 F.2d at 145 ("In short, the Safety Appliance Acts provide the basis for the claim, and the FELA provides the remedy."). Gadsden's deposition testimony and affidavit suffice to raise a triable issue over whether the vehicle lacked "conveniently located" handholds or footboards. Such a determination is customarily within the purview of a jury's fact-finding ability and the evidence provided by Gadsden is sufficient to withstand a summary judgment motion. *See, e.g., Eaton v. Long Island R.R. Co.,* 398 F.2d 738, 741 (2d Cir.1968) (finding question of railroad's negligence properly submitted to jury on evidence that plaintiff injured his knee as a result of railroad's failure to provide ladder for safe egress out of pit work area requiring him to climb out by putting excess pressure on one leg).

Accordingly, while implying no view respecting the merits of the action, we vacate the judgment and remand for further proceedings.